JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Associated Builders and Contractors, Eastern Pennsylvania Chapter, Inc. and Vellniece Construction, LLC

**DEFENDANTS** Township of West Norriton

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Landesman, Esq., and Joshua A. Brand, Esq., Cohen Seglias Pallas Greenhall & Furman, P.C., 30 S. 17th St., 19th Fl., Phila., PA 19103, (215) 564-1700

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

❒ 1   U.S. Government Plaintiff

☒ 3   Federal Question *(U.S. Government Not a Party)*

❒ 2   U.S. Government Defendant

❒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY**        **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane        ❒ 365 Personal Injury - | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product        Product Liability | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | Liability        ❒ 367 Health Care/ | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 320 Assault, Libel & Slander        Pharmaceutical Personal Injury | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| | | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers'        Product Liability | | ❒ 835 Patent - Abbreviated New Drug Application | ❒ 460 Deportation |
| ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability        ❒ 368 Asbestos Personal | | | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| | ❒ 340 Marine        Injury Product | | ❒ 840 Trademark | |
| | ❒ 345 Marine Product        Liability | | | ❒ 480 Consumer Credit |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | Liability        **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❒ 490 Cable/Sat TV |
| ❒ 160 Stockholders' Suits | ❒ 350 Motor Vehicle        ❒ 370 Other Fraud | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 190 Other Contract | ❒ 355 Motor Vehicle        ❒ 371 Truth in Lending | | ❒ 862 Black Lung (923) | |
| ❒ 195 Contract Product Liability | Product Liability        ❒ 380 Other Personal | ❒ 720 Labor/Management Relations | ❒ 863 DIWC/DIWW (405(g)) | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | ❒ 360 Other Personal        Property Damage | | ❒ 864 SSID Title XVI | ❒ 891 Agricultural Acts |
| | Injury        ❒ 385 Property Damage | ❒ 740 Railway Labor Act | ❒ 865 RSI (405(g)) | ❒ 893 Environmental Matters |
| | ❒ 362 Personal Injury -        Product Liability | ❒ 751 Family and Medical Leave Act | | ❒ 895 Freedom of Information Act |
| | Medical Malpractice | | | |
| **REAL PROPERTY** | **CIVIL RIGHTS**        **PRISONER PETITIONS** | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❒ 896 Arbitration |
| ❒ 210 Land Condemnation | ☒ 440 Other Civil Rights        **Habeas Corpus:** | ❒ 791 Employee Retirement Income Security Act | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❒ 220 Foreclosure | ❒ 441 Voting        ❒ 463 Alien Detainee | | | |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment        ❒ 510 Motions to Vacate | | ❒ 871 IRS—Third Party 26 USC 7609 | |
| ❒ 240 Torts to Land | ❒ 443 Housing/        Sentence | | | ❒ 950 Constitutionality of State Statutes |
| ❒ 245 Tort Product Liability | Accommodations        ❒ 530 General | | | |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities -        ❒ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment        **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 446 Amer. w/Disabilities -        ❒ 540 Mandamus & Other | ❒ 465 Other Immigration Actions | | |
| | Other        ❒ 550 Civil Rights | | | |
| | ❒ 448 Education        ❒ 555 Prison Condition | | | |
| | ❒ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
❒ 2   Removed from State Court
❒ 3   Remanded from Appellate Court
❒ 4   Reinstated or Reopened
❒ 5   Transferred from Another District *(specify)*
❒ 6   Multidistrict Litigation - Transfer
❒ 8   Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983; 29 U.S.C. Section 1001, *et seq.*
Brief description of cause:
Violations of U.S. Constitution Preemption

**VII. REQUESTED IN COMPLAINT:**
❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❒ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*   JUDGE   Edward G. Smith   DOCKET NUMBER   18-cv-02552, 18-cv-03907, and 18-cv-03908

DATE   10/22/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Associated Builders and Contractors, Eastern Pennsylvania Chapter, Inc., and Vellniece Construction, LLC | : | CIVIL ACTION |
| Plaintiffs, v. | : : : | |
| Township of West Norriton | : : | NO. |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)          ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (   )

| | | |
|---|---|---|
| 10/22/18 | *[signature]* | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 564-1700 | (267) 238-4426 | jlandesman@cohenseglias.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: See Attached

Address of Defendant: Township of West Norriton - 1630 West Marshall Street, Jeffersonville, PA 19403

Place of Accident, Incident or Transaction: Montgomery County

---

***RELATED CASE, IF ANY:***
Case Number: 18-cv-02552, 18-cv-03907 and 18-cv-03908     Judge: Edward G. Smith     Date Terminated: N/A

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☒    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☒ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/22/18      *Attorney-at-Law / Pro Se Plaintiff*      83454    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*    *Federal Question Cases:*           *B.*    *Diversity Jurisdiction Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts     ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA     ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury     ☐ 3. Assault, Defamation
☐ 4. Antitrust     ☐ 4. Marine Personal Injury
☐ 5. Patent     ☐ 5. Motor Vehicle Personal Injury
☐ 6. Labor-Management Relations     ☐ 6. Other Personal Injury *(Please specify):* _____
☒ 7. Civil Rights     ☐ 7. Products Liability
☐ 8. Habeas Corpus     ☐ 8. Products Liability – Asbestos
☐ 9. Securities Act(s) Cases     ☐ 9. All other Diversity Cases
☐ 10. Social Security Review Cases            *(Please specify):* _____
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Jonathan Landesman , counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10/22/18      *Attorney-at-Law / Pro Se Plaintiff*      83454    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## <u>DESIGNATION FORM ATTACHMENT</u>

Associated Builders and Contractors, Eastern Pennsylvania Chapter, Inc.
430 W. Germantown Pike
Norristown, PA 19403

Vellniece Construction, LLC
137 East Glenside Road
Glenside, PA 19038

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS, EASTERN PENNSYLVANIA CHAPTER, INC., and VELLNIECE CONSTRUCTION, LLC, | : : : : | CIVIL ACTION NO. |
| Plaintiffs | : : | |
| v. | : : | |
| TOWNSHIP OF WEST NORRITON, | : : | |
| Defendant | : : : | |

## CIVIL ACTION COMPLAINT AND DEMAND FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Associated Builders and Contractors, Eastern Pennsylvania Chapter, Inc. ("ABC-EPA"), and Vellniece Construction, LLC ("Vellniece") (collectively, "Plaintiffs"), file this complaint for declaratory and injunctive relief to prevent the Township of West Norriton from giving effect to or enforcing an ordinance that violates Pennsylvania Public Bidding Law, violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution and is preempted by federal law. The Plaintiffs hereby allege as follows:

## INTRODUCTION

1.    On August 14, 2018, politicians on the Board of Commissioners of West Norriton Township enacted a "Responsible Contract Ordinance" (the "Ordinance") that promotes the pecuniary interests of labor organizations and their contractor signatories.

2.    The Ordinance, as enacted, discriminates against non-union or merit shop contractors.

3.      The Ordinance imposes a requirement on contractors to certify their participation in a so-called "Class A Apprenticeship Program"  "for each separate trade or classification in which it employs craft employees" as a condition for bidding on or performing work on any public facility or other public works project that is valued at or above two hundred and fifty thousand dollars ($250,000.00).

4.      To qualify as a "Class A Apprenticeship Program" under the Ordinance, an apprenticeship training program must be registered by the U.S. Department of Labor or a state apprenticeship agency and have graduated apprentices to journeyperson status for at least three of the past five years.

5.      It is no coincidence that the "Class A" criteria established by the Ordinance mirrors the standards of the apprenticeship training programs that are sponsored by labor organizations that are members of the Pennsylvania Building and Construction Trades Council ("PA-BCTC"), thereby guaranteeing that contractors that are signatories with the PA-BCTC member unions will satisfy the "Class A" requirement.

6.      Meanwhile, the vast majority, if not all, of the contractors that will be disqualified Ordinance from performing public works projects will be non-union or "merit shop" contractors that draw their workforces from sources other than government-registered apprenticeship training programs.  This includes such able and well-qualified contractors as Vellniece Construction, LLC who has successfully performed many public works projects in Pennsylvania.

7.      Plaintiff ABC-EPA is the Eastern Pennsylvania chapter of an association that represents twenty-two thousand (22,000) companies across the U.S. in the construction industry. ABC-EPA champions the "merit-shop" philosophy which is a principle that work in the

2

construction industry should be awarded and performed on the basis of merit through fair and open competition regardless of labor affiliation.

8.     ABC-EPA encourages, promotes, and advocates many different forms of training and workforce development programs for its members, from formalized government-sponsored training programs to informal programs that emphasize on-the-job training and experience. ABC-EPA recognizes that there is no "one size fits all" approach to workforce development. And many ABC-EPA members, including its members that have successfully performed work in West Norriton Township and elsewhere in the region for decades, have developed their workforces through many different forms of training.

9.     The Ordinance sets out to exclude otherwise duly qualified contractors from performing public works projects on the basis of their non-union status.

10.     In that regard, the Ordinance unlawfully interferes with a fair and open competitive bidding process in violation of Pennsylvania public bidding law and unlawfully infringes upon the constitutional of many ABC-EPA members, including Vellniece Construction. Furthermore, the Ordinance is preempted by ERISA.

11.     The anti-competitive effects of the Ordinance will significantly impair the public and its interest in deriving the highest quality and value in the construction of buildings and other structures that are financed using public tax dollars.

12.     For these reasons and those set forth herein, declaratory and injunctive relief must be awarded to enjoin West Norriton Township from giving effect to and enforcing the "Class A Apprenticeship Program" requirement.

13.     Without an injunction, Plaintiffs and the public will suffer immediate and irreparable harm.

3

**PARTIES**

14.     ABC-EPA is the Eastern Pennsylvania chapter of ABC, a national trade association representing 22,000 chapter members in the construction industry. Dedicated to promoting the principle that work in the construction industry should be awarded and performed on the basis of merit through fair and open competition regardless of labor affiliation, ABC-EPA represents 450 member companies with approximately 14,000 employees across Eastern Pennsylvania, including West Norriton Township.

15.     Vellniece Construction, LLC is a general contracting firm with its principal place of business as 137 East Glenside Avenue, Glenside, PA 19038.

16.     Defendant West Norriton Township is a township located in Montgomery County, Pennsylvania, governed by a home rule charter, which maintains its principal place of business at 1630 West Marshall Street, Jeffersonville, PA, 19403.

**JURISDICTION AND VENUE**

17.     This action arises under and pursuant to  law of the Commonwealth of Pennsylvania, the Constitution of the United States and the Fourteenth Amendment thereof, 29 U.S.C. §§ 1001 *et seq*., 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983, and ERISA.

18.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

19.     This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) to redress any deprivation "under color of any state law, statute, [or] ordinance . . . of any right, privilege or immunity secured by the Constitution of the United States."

20.     ABC-EPA has associational standing to bring this action on behalf of its members.

4

21.     Declaratory relief is authorized by 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

22.     Injunctive relief is authorized by Federal Rule of Civil Procedure 65.

23.     Venue is proper in this district under 28 U.S.C. § 1391(b).

24.     An actual controversy exists between the parties concerning the validity and constitutionality of the Ordinance.  A declaration that the Ordinance is invalid and an injunction against its enforcement would resolve this controversy.

25.     A preliminary injunction to enjoin West Norriton Township from enforcing the Ordinance will protect the rights of ABC-EPA's members and Vellniece during this proceeding, and a permanent injunction will protect their rights after this proceeding concludes.

**FACTUAL ALLEGATIONS**

26.     On August 14, 2018, the Board of Commissioners of the Township of West Norriton passed a "Responsible Contractor Ordinance" which requires contractors to certify their participation in a "Class A Apprenticeship Program" "for each separate trade or classification in which it employs craft employees" as a condition for bidding on work on any public facility or public works project that is valued at or above two hundred and fifty thousand dollars ($250,000.00).

27.     The Ordinance also sets specific standards that an apprenticeship program must have in order to qualify as a so-called "Class A" program, namely that (a) the program be registered with and approved by the United States Department of Labor or a state apprenticeship agency; and (b) the program have graduated apprentices to journey person status for at least three of the past five years.

28.     A contractor that does not certify participation in a so-called "Class A Apprenticeship Program" or does not otherwise meet the standards for participation in such a program is automatically disqualified from performing work that is subject to the Ordinance.

## THE CLASS A REQUIREMENT DISQUALIFIES OTHERWISE WELL QUALIFIED CONTRACTORS FROM PERFORMING PUBLIC WORKS PROJECTS

29.     The Ordinance was passed by West Norriton under the pretext of "ensur[ing] that all work on public construction and maintenance contracts is performed by responsible, qualified firms . . . ."

30.     However, there is no correlation – statistical or otherwise – between a responsible, qualified contractor and one that develops its workforce exclusively through the use of a "Class A Apprenticeship Program."

31.     ABC-EPA has long been a strong supporter of apprenticeship programs as *one of a number* of training mechanisms that can help improve the skills of construction workers and advance their careers.  Indeed, ABC-EPA sponsors a registered apprenticeship training program for its members.

32.     At the same time, ABC-EPA opposes state and local laws that mandate apprenticeship programs in the manner of the challenged Responsible Contractor Ordinance.

33.     That is because there are a variety of ways in which skills training has been successfully accomplished in the construction industry, including government-registered and *non*-government craft training programs as well as non-apprenticeship training alternatives that include on-the-job instruction that is delivered by individuals with decades of experience in the construction industry.

34. It is important to the success of the construction industry that alternative methods of skills training be recognized and encouraged by state and local governments, and that no single training method should be mandated by any government ordinance.

35. Many of ABC-EPA's members, including Vellniece, perform high quality construction services on publicly funded projects in Pennsylvania and have developed their workforces through sources other than government registered apprenticeship training programs.

36. Despite being a duly qualified contractor who has successfully performed public works projects for years, Vellniece will suddenly be disqualified from bidding on public works projects in West Norriton as a direct result of the Ordinance.

37. A contractor, such as Vellniece, that develops its workforce through non-apprenticeship training alternatives is by no means presumptively less qualified than one that develops its workforce exclusively through a government-registered training program.

38. This is evident from the fact that Vellniece, among many other similarly situated ABC-EPA members, will be precluded from performing public works projects that are subject to the Ordinance, despite having successfully performed public work in Pennsylvania on a great many publicly funded construction projects.

## THE CLASS A REQUIREMENT DISCRIMINATES AGAINST NON-UNION CONTRACTORS

39. By mandating participation in an apprenticeship training program, the Ordinance does not further its stated goal of ensuring that work is performed by responsible, qualified firms.

40. Rather, it ensures that non-union or merit-shop contractors will be precluded from being awarded public works projects in favor of union contractors.

7

41. That is because the criteria of a "Class A" program matches that of the apprenticeship programs that are sponsored by the labor organizations that are affiliated with the PA-BCTC.

42. Meanwhile, the vast majority, if not all, contractors that will ultimately be disqualified from performing public works projects because of the Class A Requirement are non-union or "merit shop" contractors that draw their workforces from either non-registered craft training programs or non-apprenticeship training alternatives.

43. It is clear that the Ordinance is not grounded in any rational justification, but was crafted to benefit politically powerful labor organizations and their contractor signatories.

44. The anti-competitive effect of the Ordinance greatly impairs not only the interests of merit-shop contractors like Vellniece, but also the public and its ability to derive the best quality and value in the performance of public works projects that are financed with its tax dollars.

## THE CLASS A REQUIREMENT VIOLATES PENNSYLVANIA PUBLIC BIDDING LAW

45. The Township of West Norriton is required, pursuant to 53 P.S. § 68102(a) and pursuant to Section 1803 of the First-Class Township Code to award public contracts to the lowest "responsible" bidder.

46. The Pennsylvania Supreme Court has articulated the following factors that a public entity is to consider in determining whether a bidder is responsible: financial responsibility, integrity, efficiency, industry experience, promptness, and ability to successfully complete the project. *Kratz v. City of Allentown*, 155 A. 116, 117 (Pa. 1931).

47. As a general matter, competitive bidding rules exist in Pennsylvania "for the purpose of inviting competition, to guard against favoritism, improvidence, extravagance, fraud

8

and corruption in the awarding of [public] contracts[.]" *Yohe v. City of Lower Burrell*, 208 A.2d 847, 850 (Pa. 1965).

48.     Moreover, the "courts will not condone a situation that reveals a clear potential [for public bidding] to become a means of favoritism[.]" *Hanisco v. Township of Warminster*, 41 A.3d 116, 123 (Pa. Commw. Ct. 2012).

49.     A prequalification requirement is permissible, if authorized by statute or ordinance, ***only*** to the extent that such a requirement is necessary and reasonable to determine in advance who is a qualified bidder. *See Corcoran v. City of Philadelphia*, 70 A.2d 621, 623 (Pa. 1950).

50.     However, given the overarching purpose of the competitive bidding rules, a prequalification requirement must be fair to all prospective bidders. *See Flaherty v. Allegheny Contracting Industries, Inc.*, 293 A.2d 639, 642-43 (Pa. Commw. Ct. 1972) (citing *Harris v. City of Philadelphia*, 149 A. 722 (Pa. 1930)).

51.     In that regard, the Pennsylvania Supreme Court has recognized that a government agency may not enforce a prequalification requirement by which "one person may be conclusively authorized to bid on a pending contract, while another, equally as responsible and perhaps more so, is wholly excluded from even submitting a bid." *Harris v. City of Philadelphia*, 149 A.2d 722, 724 (Pa. 1930), *overruled on other grounds by Consumer Party of Pennsylvania v. Commonwealth*, 507 A.2d 323 (Pa. 1986). *See also Corcoran* 70 A.2d at 623 (noting that prequalification requirement will be considered invalid where it is conducive to favoritism).

52.     By unqualifiedly mandating the maintenance of a specific type of apprentice training program as a condition of bidding, West Norriton Township, through its adoption of the

9

Ordinance, is attempting to exclude responsible contractors, such as Vellniece, from submitting bids on projects valued at or above $250,000.

53.     West Norriton's imposition of a mandate as to a specific type of apprentice training program as a condition of bidding is neither reasonable nor necessary in determining who is a responsible bidder.

54.     Moreover, West Norriton's imposition of a mandate as to a specific type of apprentice training program as a condition of bidding has the potential to transform public bidding in the Township to become a means of favoritism inasmuch as the Ordinance excludes responsible contractors, such as Vellniece, from submitting bids on projects valued at or above $250,000.

55.     Thus, the Ordinance violates Pennsylvania law with respect to competitive bidding and is invalid.

### THE CLASS A REQUIREMENT IS UNCONSTITUTIONAL

56.     The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution "secure[s] every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution." *Sioux City Bridge Co. v. Dakota Cnty.*, 260 U.S. 441, 445 (1923).

57.     A government regulation that intentionally treats one group of individuals differently from others similarly situated with no rational basis violates the Equal Protection Clause.  *Bizzarro v. Miranda*, 394 F.3d 82, 88 (2d Cir. 2005) (*quoting Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

10

58.    The Ordinance amounts to a deprivation of equal protection as its transparent goal of the Ordinance is to foster employment of labor union affiliated contractors at the expense of merit-shop contractors.

59.    The Ordinance also violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

60.    Under the Due Process Clause, an individual may not be deprived of a property or liberty interest in arbitrary or capricious manner or for arbitrary or capricious reasons. *Simard v. Bd. of Educ.*, 473 F.2d 988 (2d Cir. 1973).

61.    Plaintiffs have a liberty interest in  their right to earn a living, to contract freely, and to enter into collective bargaining agreements (or not) as they see fit without government intervention of the type imposed by the Ordinance.

## THE ORDINANCE IS PREEMPTED BY ERISA

62.    A program established or maintained for the purpose of providing "apprenticeship or other training" is an "employee welfare benefit" program governed by ERISA.  29 U.S.C. § 1002(1).

63.    ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

64.    A state law that mandates standards and criteria that an apprenticeship program must possess cannot withstand ERISA's "clearly expansive" preemptive reach.

65.    The Ordinance clearly mandates standards that ERISA-governed apprenticeship programs will be required to adopt as part of their own in order to be considered a so-called "Class A Apprenticeship Program."   These include the standards of federal and/or state registered programs that are incorporated into the "Class A Apprenticeship Program" by the

11

Ordinance and such other mandated standards, including the requirement that the program graduate apprentices to "journey person status" in three of the previous five years.

66. As such, the Ordinance is preempted by ERISA.

## IMMEDIATE INJUNCTIVE RELIEF IS NECESSARY

67. An injunction must issue to prevent immediate and irreparable harm to Vellniece and the many ABC-EPA members who will be disqualified from bidding on public works projects subject to the Ordinance.

68. Without an injunction, Vellniece, and many ABC-EPA members will be unlawfully excluded from participating in the bidding process on public works projects that are subject to the Ordinance.

69. This will have dramatic consequences for the Plaintiffs that for which monetary relief is not adequate, including but not limited to a possible a shutdown of operations or being forced to eliminate portions of their workforce.

## COUNT I
### (Violation of the Fourteenth Amendment – Equal Protection)

70. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

71. A government regulation that intentionally treats one group of individuals differently from others similarly situated with no rational basis violates the Equal Protection Clause.

72. The Ordinance was crafted with the objective of promoting the pecuniary interests of labor organizations and their contractor signatories.

73. The vast majority, if not all, of the contractors that will be excluded by the Ordinance from performing public works projects are contractors that are not affiliated with a labor organization.

12

74.    The Ordinance violates the Equal Protection Clause by intentionally seeking to exclude contractors that are not affiliated with labor organizations from performing public works projects that are subject to the Ordinance.

75.    The Ordinance is not supported by any rational basis.   A contractor that participates in a so-called "Class A Apprenticeship Program" is by no means presumptively more qualified than a contractor that has developed its workforce through an alternative program or method of training.   The Council has cited no empirical – or even anecdotal – evidence to suggest otherwise.

76.     The Plaintiffs have no adequate remedy at law.

77.    Plaintiffs respectfully request that pursuant to 42 U.S.C. § 1983, the Court declare the Ordinance unconstitutional and enjoin its enforcement.

### COUNT II
### (Violation of the Fourteenth Amendment – Due Process)

78.    Plaintiffs re-allege and incorporate by reference the allegations set forth above.

79.    The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution protects the right to earn an honest living in the occupation of one's choice, subject only to regulations that are rationally related to a legitimate governmental interest.

80.    There is no legitimate governmental interest in excluding from performing public works projects those contractors, such as Plaintiffs and other ABC-EPA' members, from bidding on public works project because they do not have a government registered apprentice program.

81.    The Ordinance deprives Plaintiffs of their right to earn an honest living in the occupation of their choice by imposing restrictions on the bidding and performance of publicly funded work.

82.    The Plaintiffs have no adequate remedy at law.

13

83.     Plaintiffs respectfully request that pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983, the Court declare that the Ordinance unconstitutional and enjoin its enforcement.

**COUNT III**
**(Declaratory Relief – Violation of Pennsylvania Public Bidding Law**
**and the First-Class Township Code)**

84.     Plaintiffs re-allege and incorporate by reference the allegations set forth above.

85.     The Pennsylvania Supreme Court has articulated the following factors that a public entity is to consider in determining whether a bidder is responsible: financial responsibility, integrity, efficiency, industry experience, promptness, and ability to successfully complete the project. *Kratz v. City of Allentown*, 155 A. 116, 117 (Pa. 1931).

86.     A prequalification requirement is permissible, if authorized by statute or ordinance, **_only_** to the extent that such a requirement is necessary and reasonable to determine in advance who is a qualified bidder. *See Corcoran v. City of Philadelphia*, 70 A.2d 621, 623 (Pa. 1950).

87.     By unqualifiedly mandating the maintenance of a specific type of apprentice training program as a condition of bidding, West Norriton Township, through its adoption of the Ordinance, is attempting to exclude responsible contractors, such as Vellniece, from submitting bids on projects valued at or above $250,000.

88.     West Norriton's imposition of a mandate as to a specific type of apprentice training program as a condition of bidding is neither reasonable nor necessary in determining who is a responsible bidder.

89.     Moreover, the Township's imposition of a mandate as to a specific type of apprentice training program as a condition of bidding has the potential to transform public bidding in the Township to become a means of favoritism inasmuch as the Ordinance excludes

14

responsible contractors, such as Vellniece, from submitting bids on projects valued at or above $250,000.

90. Thus, the Ordinance violates Pennsylvania law with respect to competitive bidding and is invalid.

91. The Plaintiffs have no adequate remedy at law.

92. Plaintiffs respectfully request that pursuant to 28 U.S.C. §§ 2201 and 2202, the Court declare that the Ordinance violates Pennsylvania public bidding law and enjoin its enforcement.

## COUNT IV
### (Declaratory Relief – ERISA Preemption)

93. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

94. Apprenticeship and training programs are employee welfare benefit plans covered by ERISA. Under 29 U.S.C. § 1002(1) the terms "employee welfare benefit plan" and "welfare plan" are defined to include:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services . . . .

95. Pursuant to 29 U.S.C. § 1144(a), the ERISA statute "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."

96. The Class A Apprenticeship Program Requirement relates to an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1).

15

97.    Accordingly, the Class A Apprenticeship Program Requirement is preempted by ERISA pursuant to 29 U.S.C. § 1144(a).

98.    The Plaintiffs have no adequate remedy at law.

99.    Plaintiffs respectfully request that pursuant to 28 U.S.C. §§ 2201 and 2202, the Court declare that the Ordinance is preempted by ERISA, rendering the Ordinance unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, ABC-EPA and Vellniece pray that the Court:

a)    Declare that the "Class A Apprenticeship Program" requirement set forth in the Responsible Contractor Ordinance is unconstitutional as it violates the Fourteenth Amendment to the U.S. Constitution;

b)    Declare that the "Class A Apprenticeship Program" requirement set forth in the Responsible Contractor Ordinance violates Pennsylvania Public Bidding Law;

c)    Declare that the "Class A Apprenticeship Program" requirement set forth in the Responsible Contractor Ordinance is preempted by ERISA;

d)    Temporarily restrain and enjoin the Township from enforcing the "Class A Apprenticeship Program" requirement set forth in the Responsible Contractor Ordinance;

e)    Preliminarily and permanently enjoin the Township from enforcing the "Class A Apprenticeship Program" requirement set forth in the Responsible Contractor Ordinance;

f)    Award Plaintiffs the costs of this suit;

g)    Award Plaintiffs reasonable attorney fees; and

16

h)  Award Plaintiffs any other relief that this Court deems just and proper

Respectfully submitted,

**COHEN, SEGLIAS, PALLAS,
GREENHALL & FURMAN, P.C.**

Dated: October 22, 2018

**JONATHAN LANDESMAN, ESQUIRE
JOSHUA A. BRAND, ESQUIRE**
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 564-1700
Fax:     (215) 564-3066
Email:  jlandesman@cohenseglias.com
          jbrand@cohenseglias.com

*Attorneys for Plaintiffs*